# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE
## COLUMBIA DIVISION

| | |
|---|---|
| **IRVIN DOYLE PARHAM, SR.** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **PARK MANAGEMENT GROUP, LLC,** ) <br> **d/b/a JAMESON INN** ) <br> ) <br> **Defendant.** ) <br> ) | **Case No. 1:10-CV-00054** <br><br> **Judge Campbell** <br> **Magistrate Judge Bryant** <br><br> **JURY DEMAND** |

## INITIAL ~~JOINT PROPOSED~~ CASE MANAGEMENT ORDER

Pursuant to Local Rule 11(d) the Parties jointly file this Proposed Case Management Order.

**I.   Jurisdiction.**

Jurisdiction is invoked pursuant to 28 U.S.C. Section 1343 and is not in dispute.

**II.   Parties' Theories of the Case.**

   **A.   Plaintiff's Theory.**

Plaintiff worked for Defendant as a night auditor/desk clerk from April 2006 until he was terminated on or about September 11, 2008. Plaintiff suffered from a physical impairment, or was regarded by Defendant as suffering from an impairment, that substantially limited him in one or more major life activities, and as a result, Plaintiff was a person with a "disability" within the coverage of the TDA and as defined in the THRA, T.C.A. §4-21-102(3)(A)(i) and the ADA, 42 U.S.C. §12102(2).  Defendant terminated Plaintiff's employment because of Plaintiff's disability, and it therefore unlawfully discriminated against Plaintiff in violation of the TDA, T.C.A. §8-50-103(b) and the ADA, 42 U.S.C. §12112(a).

### B. Defendants' Theory.

Defendant Park Management Group, LLC, d/b/a Jameson Inn, denies any wrongdoing or illegality and denies Plaintiff is entitled to any relief whatsoever.

Plaintiff has raised claim of disability discrimination pursuant to the Americans With Disabilities Act and the Tennessee Disability Act, but cannot establish a *prima facie* case with respect to either claim. While Plaintiff asserts he was terminated because of his alleged disability, he cannot establish the individuals who made the decision to terminate his employment knew he was disabled as defined by the law or that similarly-situated nondisabled individuals were treated more favorably. Moreover, Defendant terminated Plaintiff for a legitimate nondiscriminatory reason, Plaintiff violated the cash handling and credit card verification policies, which resulted in the fraudulent use of a customer's credit card and monetary loss to the company. Plaintiff cannot prove this reason is pretext for actual unlawful disability based discrimination. Thus, his claim fails as a matter of law and should be dismissed.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1) disclosures within fourteen days from the initial case management conference, or by **September 8, 2010**.

#### B. Discovery Deadlines

All oral discovery shall be completed by the close of business on **February 15, 2011**.

All written discovery shall be served by **January 16, 2011**.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to forty (40) such interrogatories. Subparts of a question shall be counted as additional

questions for purposes of the overall number. In all other respects, Rule 9 (a), Local Rules of court (effective March 1, 1994) shall govern.

### C. Discovery Motions

No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved. All discovery related motions shall be filed on or before **February 15, 2011**.

### D. Dispositive Motions

All dispositive motions shall be filed by the close of business on **February 22, 2011**, and any Response thereto shall be filed within 30 days of service of the dispositive motion, or no later than the close of business on **March 24, 2011**. Any Reply shall be filed within 15 days, or no later than the close of business on **April 8, 2011**. No memorandum in support of or in opposition to any motion shall exceed twenty-five (25) pages absent leave from the Court.

### E. Motion to Amend/ Join Parties

Any motion to amend the pleadings or join parties shall be filed on or before **November 1, 2010**. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

## IV. Expert Witnesses/ Evidence

By the close of business on **December 15, 2010**, the Plaintiff shall declare to the Defendant (not file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **January 15, 2011**, the Defendants shall declare to the Plaintiff (not file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Expert witnesses shall be deposed on or before **February 15, 2011**.

V.  **Settlement Negotiations**

The Parties have not yet engaged in settlement negotiations but believe this matter has the potential to be resolved. The Parties request the matter be referred to Magistrate Judge Brown for a settlement conference. The Parties previously communicated with Magistrate Judge Brown's office regarding potential dates for a settlement conference and can be available for a settlement conference on September 30, 2010.

VI.  **Trial/ Pretrial Proceedings**

The target jury trial date is **August 16, 2011.** The parties anticipate trial will last three to four days.

It is so ORDERED.

ENTERED this the 25th day of August, 2010.

*s/ John S. Bryant*
_____
JOHN S. BRYANT
United States Magistrate Judge

APPROVED FOR ENTRY:

s/Wade B. Cowan/by permission M.D. Smith
Wade B. Cowan
Attorney for Plaintiff
Suite 225, 150 Second Avenue North
Nashville, Tennessee 37201
Attorney for Plaintiff
(615) 256-8125

s/Mary Dohner Smith
Mary Dohner Smith
Teresa Rider Bult
Attorneys for Defendant
**Constangy, Brooks & Smith**
401 Commerce Street, Suite 700
Nashville, Tennessee 37219
Telephone (615) 320-5200
Facsimile: (615) 321-5891

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been furnished via the Court's electronic filing system and/or the United States Postal Service, first-class postage prepaid, to the following counsel of record: Wade B. Cowan, Suite 225, 150 Second Avenue North, Nashville, TN 37201 on this 20th day of August, 2010.

s/Mary Dohner Smith